**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
***Tampa Division***

IN RE: Chapter 11

SEAN S. BUBOLTZ
HEATHER M. BUBOLTZ, Case No: 8:10-bk-06382-CPM

Debtor(s). /

CPM 4-21-11

*** AMENDED ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTORS' AMENDED PLAN OF REORGANIZATION**

**THIS CASE** came on for a duly scheduled confirmation hearing on November 8, 2010, with notice to all parties of interest for the purpose of considering final approval of the Debtors' Disclosure Statement **[Docket #32]**, and confirmation of the Debtors' ~~Amended~~ (CPM 4-21-11) Plan of Reorganization **[Docket #~~102~~ 33]** (CPM). Both Debtors appeared at the confirmation hearing. The Court having considered the record, finds that an Order was entered conditionally approving the Disclosure Statement and directing that a confirmation hearing be held in this matter on Debtors' proposed Plan of Reorganization (the "Plan"); that a copy of the Disclosure Statement and Plan, together with the Ballots, either accepting or rejecting the Plan, were sent to all creditors and each class whose rights were impaired by said Plan were given an opportunity to cast their ballots and vote for the Plan by filing a written acceptance or rejection of the Chapter 11 Plan; and that after the date fixed by the Court to accept or reject the Plan had expired, no votes were cast in any Class except Class XV (the "General Unsecured Creditors") and Class V, ~~VI, XIV,~~ ~~(Bank of America)~~ (CPM 4-21-11) Objections to Confirmation **(Docket #41, #83, and #84)** were withdrawn in open court on October 18, 2010. (CPM) Class XV, the unsecured class is impaired and voted ~~unanimously~~ (CPM) to accept the Plan.

(CPM) The Debtors filed an Amended Plan of Reorganization [Docket #102] on November 5, 2010, three days before the hearing. The Debtors proffered that the amended plan does not negatively impact unsecured creditors. The

(CPM 4-21-11) * This order amends the initial confirmation order [Docket #121] to correct the title of the plan that was noticed for hearing, to delete the reference to Class XIV as having voted, and to correct a scrivener's error in the identification of the Class whose treatment was amended orally in open Court.

cpm 4-21-11 cpm Debtors further amended the amended plan orally in Court to provide (i) that the Class II creditor would be paid according to the parties' contract, thus making Class II unimpaired; (ii) that the Class * XIII creditor will receive interest at the rate of 5.25%; and that Class XV will receive the greater of 15% and $50,000. The amended plan as further amended in open Court is referred to hereafter as "Amended Plan." cpm

The Court finds that impaired class(es) that voted had accepted the Plan, in writing, and determines that the Plan is feasible and was filed in good faith and not by any means forbidden by law, and further that confirmation is in the best interest of creditors and meets all of the requirements as provided in Sections 1123 and 1129(a) of the Bankruptcy Code and that therefore the Plan of Reorganization should be confirmed. Therefore, for the reasons stated in open Court, that shall constitute the decision of the Court, it is

**ORDERED, ADJUDGED and DECREED:**

2. ~~1~~. That the Debtors' Amended Plan ~~of Reorganization~~, be and the same is hereby confirmed pursuant to §1129 of the Bankruptcy Code ~~and as further amended at the Confirmation the Debtors' Amended Plan is approved at 15% of the allowed unsecured claims however the Debtors will be required to contribute a minium of $50,000 over the life of the plan.~~ cpm

1. ~~2~~. That on September 1, 2010, the Court entered an order **[Docket #59]** (the "Disclosure Statement Order") that, among other things, conditionally approved the Disclosure Statement as containing adequate information within the meaning of §1125 of the Bankruptcy Code and Bankruptcy Rule 3017. The Disclosure Statement is finally approved as containing adequate information within the meaning of §1125 of the Bankruptcy Code and Bankruptcy Rule 3017. cpm

3. ~~That Bank of America, NA's Objection to Confirmation of Plan and Disclosure Statement **[Docket #41, #83, and**~~ cpm

~~**#84]** were withdrawn in open court;~~ The Objection to Confirmation of Debtors' ~~Amended~~ Plan of Reorganization, filed by GMAC Mortgage, LLC **[Docket #94]** ~~, and Aurora Loan Services, LLC's, Objection to Confirmation of Debtors' Plan of Reorganization, were~~ was resolved by ~~surrender of~~ the amendment in open court as to Class XIII; ~~property and~~ therefore, the objection~~s~~ be, and the same ~~are~~ is hereby, OVERRULED as mooted by the amendment.

4. That with respect to any impaired Class that did not vote to accept the Plan, the Amended Plan satisfies all of the requirements of §1129(a) of the Bankruptcy Code, other than the requirement of the acceptance of the Amended Plan by each class of impaired claims as required under §1129(a)(8). The Court specifically finds that the Plan: (a) was proposed in good faith as required under §1129(a)(3); (b) is in the best interest of creditors as required under §1129(a)(7); (c) is feasible as required under §1129(a)(11); and (d) satisfies the requirements for confirmation of §1129(a)(15).

5. That the Amended Plan satisfies the requirements of §1129(b) of the Bankruptcy Code in that the Plan does not discriminate unfairly and is fair and equitable with respect to ~~any~~ the impaired classes that ~~has~~ did not accept~~ed~~ the Plan, all of them secured classes as to which either 11 U.S.C. §1129(b)(2)(A)(i) or (iii) applied.

6. That all oral findings of fact and conclusions of law entered by the Court at the Confirmation Hearing are incorporated herein by reference in accordance with

Bankruptcy Rule 7052(a).

7. That any modifications and/or clarifications to the Plan described and set forth in this Confirmation Order constitute technical changes and/or changes that improve the treatment of the holders of such claims, or do not affect a material adverse change in the treatment of any claims. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications and/or clarifications do not require additional disclosure under §1125 of the Bankruptcy Code, nor re-solicitation of votes under §1126 of the Bankruptcy Code, nor do they require that holders of claims be afforded an opportunity to change previously cast Ballots with respect to the Amended Plan.

8. That all causes of action and objections to claims not specifically resolved or released through separate order of this Court are to be retained by the Debtors ~~or the Plan Trust as the case may be~~, and preserved to the full extent provided in the Amended Plan. Confirmation of the Amended Plan and the entry of this Confirmation Order shall not be *res judicata,* collateral estoppel, or otherwise preclude the pursuit, litigation, prosecution or settlement of any claim, defense, objection, or cause of action available to the Debtors ~~the Reorganized Debtor or the Plan Trustee~~. The ~~Reorganized~~ Debtors ~~or the Plan Trustee, as the case may be,~~ shall have all rights

and standing pursuant to §1123(b)(3) of the Bankruptcy Code to prosecute and enforce any such cause of actions, claim, or objection retained by the ~~Reorganized~~ Debtors ~~or conveyed to the Plan Trust~~.

9. That pursuant to §1146(a) of the Bankruptcy Code, any transfers from the Debtor to any person or entity pursuant to the Amended ~~this~~ Plan, ~~including conveyances to the Plan Trust~~, or in connection with any sale of assets or property done in contemplation of the Amended Plan, subsequent to the Effective Date, including the transfers of the property contemplated by the Amended Plan, shall not be subject to any stamp tax or similar tax.

10. That Debtors' counsel estimated his attorneys fees in open court to be approximtly $25,000 in additional fees and neither the Debtors nor the Undited States Trustee raised any objections, Debtors' counsel shall file a final application for compensation for services rendered to the Debtors and reimbursement of expenses incurred through and including the Confirmation Date under §503(b)(2) of the Bankruptcy Code within thirty (30) days after the entry of this Confirmation Order, and if granted such an award by the Bankruptcy Court, such award shall be paid in full in such amounts as are allowed as provided under the Amended Plan or upon such other terms as may be mutually agreed upon between the Debtors' counsel and the ~~Reorganized~~ Debtors.

11. That notwithstanding the discharge provisions under 11 U.S.C. §1141, any post-petition tax liability will not be discharged and the confirmation is approved without prejudice for the Internal Revenue Service to assert an administrative claim for any post-petition taxes not paid. No discharge will occur until the completion of all payments under the Amended Plan, absent further order of the Court. The Court may, however, at its discretion close the case upon Motion and hearing until the Amended plan payments have been made and upon completion of the Amended Plan payments reopen the case to enter a discharge.

12. That the Amended Plan and its provisions, shall be binding upon the Debtors and upon all creditors of the Debtor(s) holding claims arising pre-petition, whether or not they have individually accepted the Plan, have filed claims or are affected by the Amended Plan, and whether the claims have been scheduled, allowed or are allowable.

13. That all approved administrative expenses including attorneys' fees, fees to the Clerk, United States Bankruptcy Court and United States Trustee shall be paid no later than the effective date of the Amended Plan.

14. That this Court shall retain jurisdiction of the Debtors as specified in the Amended Plan for purposes of determining the allowance and amount of any claim filed as well as any objections thereto filed by the

Debtors and to determine the amount of administrative expenses including attorneys' fees and United States Trustee fees and to enforce payment of the administrative expenses.

**DONE and ORDERED** in Chambers at Tampa, Florida on April 21, 2011, *nunc pro tunc* to November 8, 2010.

Catherine McEwen

**Catherine Peek McEwen**
United States Bankruptcy Judge

Copies furnished to:

Frederic J. DiSpigna, *Attorney for Bank of America, NA and GMAC Mortgage, LLC*, fdispigna@dstern.com, rbaharally@dstern.com; lveith@dstern.com; bankruptcyecf@dstern.com

Roy A. Diaz, *Attorney for Bank of America, NA*, rdiaz@smith-hiatt.com, middledistrict@smith-hiatt.com

Benjamin E. Lambers, *Attorney for the United States Trustees' Office*, Ben.E.Lambers@usdoj.gov

United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Sean S. Buboltz and Heather M. Buboltz, 3913 Sorrel Vine Dr., Wesley Chapel, FL 33543

Matrix